ON Application eor Rehearing.
Blanchard, J.
In the application for the rehearing it is urged we misconceived the ground upon which defendant court based its judgment. It appears that the ground of the decision which we then examined was that attributed to the court in the brief filed on behalf of the State. In the present opinion we have given full consideration to the theory of their judgment as explained by our learned brothers of the Circuit Court, themselves, in their application aforesaid.
The relator invokes the remedial writ of certiorari and prohibition to have brought up for review here the proceedings of defendant court in the case of the Live Oak Distillery Co. vs. O. S. Lyons, and to have decreed null, void and of no effect the judgment rendered therein by said court on the third opposition filed by the State.
The plaintiff in the suit was the holder of a special mortgage on the immovable property of defendant and proceeded via executiva to foreclose the same. The property was seized and sold, whereupon the Perkins & Miller Company appeared and filed a third opposition claiming to be paid by preference over the seizing creditors out of the proceeds of the property by reason of a prior mortgage held by them; and at the same time the State of Louisiana, *1224 through relator, its tax collector, appeared and filed a third opposition claiming that the defendant was due the State one hundred dollars for license tax as retail liquor dealer, with interest and penalties, and that under the law the State had a privilege to secure payment of this tax, on the mortgaged property, superior in rank to the mortgages existing thereon. The tax collector prayed, on be'half of the State, to be paid by preference out of the proceeds of the property.
The property brought at the sale nine hundred dollars — far less than sufficient to meet the several claims asserted against it.
The contest over the proceeds appears to have been between the third opponents — the Perkins & Miller Lumber Company and the -State. The claims of both primed that of the seizing creditor.
In the District Court there was judgment decreeing the State entitled to be paid by preference over the lumber company. The latter prosecuted an appeal from this judgment to the defendant court herein, and that court, assuming jurisdiction, amended the judgment appealed from and rejected the demand of the State to be paid by ■preference over the mortgage creditor.
Later, application was made by the tax collector to this court for its supervisory jurisdiction and control as aforesaid. This application is based on the broad ground that defendant court was without .jurisdiction ratione materias to try and determine the question presented on the appeal, and that, therefore, its judgment was and is void. It is contended that defendant court assumed to determine the unconstitutionality of certain sections of Act No. 150 of the acts of 1890, and of Act No. 106 of the acts of 1894, upon which the State’s right to the collection of the license tax, and especially its superior privilege upon the property in question to secure the payment thereof, are predicated; that the effect of this was to defeat ■collection of the tax by declaring unconstitutional and void a portion of the tax laws of the State; and that the authority to do this is vested alone by the Oonstitution in the Supreme Court of the State.
Respondent judges reply, denying irregularity of the proceedings, and aver that, even if irregular, relator had sanctioned the same by submitting to the jurisdiction of the court, the case had gone against him, he had applied for a rehearing, which had been refused, ■and that the case was ended.
We find in the record an agreement of parties that a sufficient sum *1225 out of the proceeds of the property to pay the license claim of the State “shall be held subject to the judgment to be herein rendered.” The remainder was paid over to the holders of the mortgages.
The judgment of the District Oourt, while decreeing the claim of the State superior to all other claims, held it to be a general privilege which must be enforced upon other property of the defendant, and if not thereby satisfied then the privilege was to be exercised against the Perkins & Miller Lumber Company, who were adjudged to pay whatever deficiency might exist in favor of the State after exhausting whatever other property defendant might have. This was evidently based upon the theory and fact that the lumber company had received all the proceeds of the property and had been substituted, by consent, for the sheriff, as holders of the fund. The appeal of the lumber company to defendant court was only as to that part of the judgment which gave the State precedence on its claim for license taxes over the mortgage and privilege claimed by the company.
"We find that the judgment of the defendant court herein reversing the decree of the District Court was rendered October 15, 1896, and that the rehearing applied for by the State was overruled by that court October 19, 1896.
And we find that it was several months thereafter before the present application for the writs of certiorari and prohibition was made.
While this tardiness on the part of the State in asserting its rights would, ordinarily, result in denial of the application as coming too late, we think the agreement of parties heretofore referred to, as to the holding of a sufficient portion of the fund to meet the demand of the State and to respond to the judgment rendered, obviates the difficulty and maintains the status sufficiently to enable the decree to be rendered herein operative.
It) other words, we hold the ease is not “ ended,” as contended for by respondent judges, and that the fund, so far as the State is concerned, is still intact.
This brings us to the crucial test in the case before us: Did the Circuit Court have jurisdiction to try and determine the question covered by its judgment? It must be held it did not.
Under Art. 81 of the Constitution this court alone has jurisdiction of questions relating to the constitutionality or legality of tax exac- *1226 tions. This extends to all kinds of taxes, whether on property or on occupations. That a license is a tax has long since been settled. Parish vs. Levy, 40 An. 332; Parish vs. Brigham, 41 An. 665; Cooley’s Constitutional Limitations, 4 Ed., p. 598.
The language of the article of the Constitution referred to, that this court shall have jurisdiction of “all cases in which the constitutionality or legality of any tax, toll or impost whatever * * * shall be in contestation, whatever may be the amount thereof,” means license taxes as well as taxes on property.
And this exclusive jurisdiction extends as well to all questions affecting the constitutionality or legality of the means adopted by the Legislature for enforcing the collection of taxes, or for preserving, or in any manner relating to, the liens of the State and its political corporations for taxes due or to become due. It embraces, indeed, the whole scope of remedial legislation pertinent to the subject. Such questions can be passed upon only by this court.
It follows that the Circuit Court was without jurisdiction to decide either the constitutionality of the license tax in question, or the constitutionality of the acts of the Legislature giving the State the first privilege upon defendant’s immovable property to secure payment of said tax, or the constitutionality of the legislative declaration that such privilege should be effective, though omitting to provide for the registry thereof.
It was not competent for that court to pass upon the question whether or not the Legislature could enact that a license tax shall operate as a privilege on both movable and immovable property, and whether or not such a privilege can, without registry, be enforced on the proceeds of immovable property over a prior mortgage with registry.
These latter were the precise questions it did assume to decide, and held that the enforcement of such privilege, without the registry, impaired the obligation of the contract of the mortgage creditor. These were clearly constitutional questions affecting the tax in question and its collection. No appeal on the same could properly be taken from the District Court to the Circuit Court. Such appeal could only be to this tribunal.
It follows that the judgment of the Circuit Court thereon was and is void and of no effect.
For the reasons assigned, it is ordered, adjudged and decreed that *1227 the remedial writs issued herein be made peremptory, setting aside and annulling the decree rendered by defendant court and filed October 15, 1896, in the case of the Live Oak Distillery Company vs. O. S. Lyons, Perkins & Miller Lumber Company, Limited, and the State of Louisiana, third opponents; and that to this extent the previous decree of this court herein be amended.
Nothing herein contained is to be construed as interfering with the jurisdiction of defendant court in the case referred to, on other questions than those prohibited by this opinion and decree.
Rehearing refused.